# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AUDREY PALMER**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 13-cv-213-SDD-RLB**

**GARY PALMER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 27, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AUDREY PALMER                                        CIVIL ACTION

VERSUS                                               NO. 13-cv-213-SDD-RLB

GARY PALMER, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court are referrals from the district judge of a Motion to Dismiss Claims

Against Gary Palmer filed by Brand Energy Solutions, LLC[1] on April 8, 2013 (R. Doc. 2) and a

Motion to Remand filed by the Plaintiff Audrey Palmer on April 10, 2013 (R. Doc. 4).  The

Plaintiff has not filed a memorandum specifically opposing Brand's Motion to Dismiss.[2]  The

Plaintiff's Motion to Remand is opposed (R. Doc. 6).

**Background**

This lawsuit arises out of an alleged accident that occurred when the Plaintiff was struck

by an automobile operated by her husband Gary Palmer, and owned by Mr. Palmer's employer,

Brand Energy Solutions, LLC ("Brand").  On January 23, 2013, the Plaintiff filed a lawsuit

alleging that Mr. Palmer acted with gross negligence in causing the accident, naming as

defendants Mr. Palmer, Brand, and ABC Insurance Company (the fictitious name of the

insurance company allegedly providing coverage for the automobile involved in the accident) (R.

Doc. 1-2, ¶¶ 1-4).  The Plaintiff alleges that Mr. Palmer was acting in the course and scope of his

---

[1] According to Brand Energy Solutions, LLC, it is improperly designated in the Plaintiff's
Petition (R. Doc. 1-2) as Brand Scaffold Services, LLC (R. Doc. 2 at 1).  The Plaintiff has not
filed an opposition to this new designation.
[2] The Plaintiff's motion to remand briefly addresses the motion to dismiss.

1

employment with Brand at the time of the accident (R. Doc. 1-2, ¶ 2).  As a result of the

accident, the Plaintiff alleges that she suffered "severe injuries to her neck, back and pelvis

resulting in hospitalization and rehabilitation" (R. Doc. 1-2, ¶ 5).  The Plaintiff further alleges

that her injuries have resulted in past, present and future physical pain and suffering, mental pain

and suffering, inconvenience, and loss of enjoyment of life (R. Doc. 1-2, ¶ 5).

On April 3, 2013, Brand removed the state court proceeding to this court on the basis of

diversity jurisdiction under 28 U.S.C. § 1332 (R. Doc. 1).  It is undisputed that the Plaintiff and

Mr. Palmer are married.[3]  Because the Plaintiff and her husband are both citizens of Louisiana (R.

Doc. 1 at 2-3), there is not complete diversity between the parties unless Mr. Palmer's citizenship

should be disregarded.[4]  Neither party argues that the jurisdictional amount has not been

exceeded.

**Summary of Parties' Arguments**

Brand claims that the Plaintiff "fraudulently joined" Mr. Palmer as a defendant to defeat

diversity jurisdiction.  More specifically, Brand alleges in its Notice of Removal that the Plaintiff

does not have a "right of action" against her husband because of the interspousal immunity

provided by La. R.S. 9:291 (R. Doc. 1 at 3).  Brand alleges that the court should ignore Mr.

Palmer's citizenship for the purpose of determining diversity jurisdiction because he is an

improper party.

---

[3] In the Petition, the Plaintiff specifically alleges that she is the wife of Mr. Palmer (R. Doc. 1-2,
¶ 2).  Furthermore, the Plaintiff acknowledges that Mr. Palmer is her husband in her
memorandum in support of her motion for remand (R. Doc. 4-1 at 2).
[4] The only other defendant whose citizenship is relevant for the purpose of determining
citizenship is that of Brand.  According to its amended notice of removal, Brand is a citizen of
Delaware and Georgia (R. Doc. 8).  ABC Insurance Company is a defendant sued under a
fictitious name and its citizenship is disregarded for the purpose of determining the diversity of
the parties at the time of removal.  28 U.S.C. § 1441(b)(1).

In support of her Motion to Remand, the Plaintiff argues that her husband is a proper defendant in this action.  The Plaintiff characterizes the interspousal immunity provided by La. R.S. 9:291 as an affirmative defense that is "personal" to the spouse with the right to raise it and unavailable to other parties to an action (R. Doc. 4-1 at 2).

In opposition, Brand concedes that the interspousal immunity provided by La. R.S. 9:291 is "personal" to Mr. Palmer in the sense that Brand (or any other party) cannot raise it as a defense against the Plaintiff's claims (R. Doc. 6 at 2).  Nevertheless, Brand argues that La. R.S. 9:291 is a procedural bar to a tort action by a plaintiff against his or her spouse during the existence of the marriage (R. Doc. 6 at 2-3).  Brand argues that although the Plaintiff may have a valid "cause of action" against her husband, La. R.S. 9:291 prevents the Plaintiff from having a "right of action" against him.  Accordingly, Brand argues, the Plaintiff cannot recover from her husband in this proceeding and he is, therefore, improperly joined as defendant.

Two days before the Plaintiff filed her Motion to Remand, Brand filed its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the Plaintiff's claims against her husband because she failed to state a plausible claim for relief against Mr. Palmer due to the interspousal immunity provided by La. R.S. 9:291 (R. Doc. 2-2).

## Applicable Law & Analysis

### I.   Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

### a. Amount in Controversy

The Court's subject matter jurisdiction is only proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.*

The Fifth Circuit's decision in *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) is instructive.  In that case, the Fifth Circuit compared two of its earlier decisions involving amount in controversy—*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), and *Simon v. Wal-mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999)—involving disputes over whether the amount in controversy was met.  In *Luckett*, the court found that the jurisdictional amount was met where the plaintiff alleged "property damage, travel expenses, emergency ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework, (all because of heart failure after the airline lost her luggage, which contained her heart medication)."  *Feldon*, 324 F.3d at 774 (citing *Luckett*, 171 F.3d at 298).  In contrast, in *Simon*, the court found that the jurisdictional amount was not facially apparent where the plaintiff alleged damages "comprising only an injured shoulder, bruises, abrasions, unidentified medical expenses, and loss of consortium."  *Felton*, 324 F.3s at 774 (citing *Simon*, 193 F.3d at 851).  The *Felton* court held that the jurisdictional amount was met where the plaintiff, an elderly lady, fell when exiting a bus and suffered a fractured hip, which required hospitalization in a rehabilitation facility and had already incurred over $40,000 in medical bills. *Feldon*, 324 F.3d at 773-74.

In this case, it is facially apparent from the Plaintiff's petition that the jurisdictional amount has been exceeded.[5]  The Plaintiff alleges that Mr. Palmer hit her with a Ford F-150 truck "causing extensive personal injuries to her person" (R. Doc. 1-2, ¶ 2).  The Plaintiff alleges that because of the accident she has "suffered physical injuries including, but not limited to, severe injuries to her neck, back and pelvis resulting in hospitalization and rehabilitation" (R. Doc. 1-2, ¶ 5).  Furthermore, the Plaintiff claims damages for past, present, and future physical

---

[5] The court notes that the Plaintiffs have not argued that the amount in controversy has not been met.

5

pain and suffering, mental pain and suffering, inconvenience, loss of enjoyment of life, and medical expenses.  (R. Doc. 1-2, ¶ 5-6).  Although no specific amount in incurred medical bills or time of hospitalization is alleged, the nature of the incident, the injuries alleged, the allegation that the injuries resulted in hospitalization and rehabilitation, and the damages claimed by the Plaintiff make it more likely than not that the amount-in-controversy will exceed the jurisdictional amount of $75,000.

### b.  Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis*, 326 F.3d at 646-47.  In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.* However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry."  *Id.*  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs.  *Travis*, 326 F.3d at 649.  If the court concludes

that the plaintiffs have any "possibility of recovery" against the party whose joinder is

questioned" then joinder is proper and the case must be remanded for lack of subject matter

jurisdiction.  *Id.*

Here, Defendant Brand argues that Mr. Palmer—the alleged tortfeasor and husband of the

Plaintiff—has been improperly joined to this proceeding because the Plaintiff has no "right of

action" against him under La. R.S. 9:291.  That statute provides the following:

> ***Spouses may not sue each other*** except for causes of action pertaining to contracts or
> arising out of the provisions of Book III, Title VI of the Civil Code [Matrimonial
> Regimes]; for restitution of separate property; for divorce or declaration of nullity of the
> marriage; and for causes of action pertaining to spousal support or the support or custody
> of a child while the spouses are living separate and apart.

La. R.S. 9:291 (emphasis added).

La. R.S. 9:291 bars tort actions by a person against his or her spouse.  *See*, *e.g.*, *Kennedy-*

*Fagan v. Estate of Graves*, 993 So. 2d 255, 266 (La. App. 1 Cir. 2008) ("Suits in tort by a person

against a spouse are prohibited by [La. R.S. 9:291]."); *see also Turner v. Law Firm of Wolff &*

*Wolff*, 986 So. 2d 889, 892 (La. App. 4 Cir. 2008) ("[A]ccording to the mandates of La. R.S.

9:291, any actions between spouses must be asserted in a divorce proceeding.").   Although the

Louisiana Supreme Court has described the purpose of La. R.S. 9:291 as "to maintain domestic

tranquility and promote stability of family unit," *see Smith v. S. Farm Bureau Cas. Ins. Co.*,174

So. 2d 122, 124 (La. 1965), at least one Louisiana court has noted that another purpose of the

statute is to prevent "collusion by spouses for tort recovery," particularly in the context of claims

brought against liability insurers.  *See Eisenhardt v. Snook*, 986 So. 2d 700, 706 (La. App. 2 Cir.

2008), *rev'd in part*, 8 So. 3d 541 (La. 2009).

While a person may have a valid "cause of action" sounding in tort against his or her

spouse, under Louisiana law, that person does not have a "right of action" against his or her

spouse during the course of the marriage.  *Smith*, 174 So. 2d 122, 125 ("The immunity created by [La. R.S. 9:291] is not an exception to the creation of [a] substantive cause of action [in tort]; it is merely a procedural bar to [a person's] right to sue [his or her spouse] personally."); *Duplechin v. Toce*, 497 So. 2d 763, 765 (La. App. 3 Cir. 1986) ("It is well settled that the interspousal immunity created by [La. R.S. 9:291] does not destroy any cause of action which one spouse might have against the other.  The effect of this statute is to bar the right of action which one spouse has against the other for any such cause of action."); *Gremillion v. Caffey*, 71 So. 2d 670, 672 (La. App. 1 Cir. 1954) ("A married [person] has a cause of action for a tort arising during the marriage against [his or her spouse] but no right of action.").  If a marriage ends in divorce, a person may then have a "right of action" against his or her spouse for the underlying tort committed during marriage.  *See Duplechin*, 497 So. 2d at 765; *Gremillion*, 71 So. 2d at 675.

The Plaintiff's argument that "the defense of interspousal immunity is personal to [the] husband or wife and cannot be raised by an insurer in a direct action against the same" is correct as a legal premise,[6] but that legal premise is inapplicable to the jurisdictional issue before the court.  Bland concedes that the statute does not provide it with a defense to the tort action brought by the Plaintiff against it (R. Doc. 6, at 4).  Instead, Bland argues that the Plaintiff has no right of action against her husband in tort and, therefore, Mr. Palmer is improperly joined.  (R. Doc. 6, at 4).

---

[6] *See Le Blanc v. New Amsterdam Cas. Co.*, 13 So.2d 245, 246 (La. 1943) ("[T]he plea of interspousal immunity, available to the husband in defeating any recovery sought by his wife for injuries sustained by her through his negligent operation of an automobile, is personal to him and, therefore, not available to the insurer of the husband's employer."); *Gullot v. Travelers Indem. Co.*, 338 So.2d 334, 336 (La. App. Cir. 3 1976) ("[T]he defense of interspousal immunity is personal to the husband or wife and cannot be raised by an insurer in a direct action against same.").  In neither decision cited by the Plaintiff was the *spouse* named a defendant in the action.

The court finds that Brand has met its burden of demonstrating that Mr. Palmer was improperly joined to this action.  In other words, "there is no reasonable basis for the district court to predict" that the Plaintiff might be able to recover against her husband, Mr. Palmer, in the state court action.  Under Louisiana law, a spouse "may not sue" his or her spouse for recovery in tort.  *See* La. R.S. 9:291.  Although she may have a valid "cause of action" against her husband arising from the alleged accident, she has no valid "right of action" or possibility of recovery against her husband as long as they remain married. [7]  Accordingly, the court finds that the Plaintiff has been improperly joined to this tort action and the Plaintiff's Motion to Remand should be denied as there is diversity of citizenship between the properly joined parties.

## II.     Motion to Dismiss

The court now turns to Defendant Brand's Motion to Dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Fifth Circuit has stated that "summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).  Accordingly, courts within the Fifth Circuit have

---

[7] The Plaintiff has not submitted any affidavit or other evidence demonstrating that she and Mr. Palmer are no longer married.

summarily dismissed improperly joined defendants. *See*, *e.g.*, *Gray v. Border Exp. Servs., Ltd.*, No. 11-cv-128, 2012 WL 12385, at *8 (S.D. Miss. Jan. 3, 2012) (summarily dismissing plaintiff's claims against improperly joined parties without prejudice); *Moss v. Unum Grp. Corp.*, No. 10-cv-0002, 2010 WL 3190399, at *3 (W.D. La. July 14, 2010) (recommending "that the court grant summary judgment *sua sponte* and dismiss all claims" against the improperly joined parties), *report and recommendation adopted sub. nom.* 2010 WL 3199728, at *4  (W.D. La. Aug. 11, 2010); *Butler v. Louisiana State Univ. Health Sciences Ctr.*, No. 12-cv-1838, 2012 WL 7784402 (W.D. La. Nov. 19, 2012) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined."), *report and recommendation adopted sub. nom.*, 2013 WL 1180873 (W.D. La. Mar. 20, 2013)

Because the Plaintiff does not have any possible claim against her husband, Mr. Palmer, her claim against him fails the actual Rule 12(b)(6) standard.  *See Benavides v. EMC Mortgage Corp.*, 916 F. Supp. 2d 776, 783 (S.D. Tex. 2013) (summarily dismissing claim against improperly joined defendants under Rule 12(b)(6) after determining that the defendants' claim failed the "Rule 12(b)(6)-type analysis" that governs the improper joinder standard) (citing *Smallwood*, 385 F.3d at 573).

Accordingly, Defendant Brand's motion to dismiss the Plaintiff's claims against the improperly joined defendant should be granted.  That dismissal, however, should be without prejudice as the Plaintiff may have a right of action against her husband in tort should their marriage terminate.  *See Duplechin*, 497 So. 2d at 765; *Gremillion*, 71 So. 2d at 675.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the Motion to Remand filed by

Plaintiff Audrey Palmer (R. Doc. 4) be **DENIED** and the Motion to Dismiss filed by Defendant

Brand Entergy Solutions, LLC (R. Doc. 2) be **GRANTED**.

It is further recommended that Defendant Gary Palmer be ordered **DISMISSED without**

**prejudice** from this proceeding.

Signed in Baton Rouge, Louisiana, on September 27, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**